## DE WITT C. TAYLOR ET AL. *v.* ISAAC T. SMITH ET AL.

1. RESULTING TRUST. *Purchaser from trustee with notice.*
   Where a father holds land subject to a resulting trust in favor of his wife, his children's mother, by reason of the investment of her separate money or means in the purchase thereof, a creditor in a decree against the father, or a purchaser at the sale under the decree with knowledge of the wife's equity, has no better right as against her children than their father had.

2. SAME. *Curtesy of husband therein.*
   A husband, who has by his wife issue born alive capable of inheriting her estate, becomes, if he survives her, tenant by the curtesy of her separate equitable estate, which is (where he holds the legal title as trustee of a resulting trust for her) a complete vested life-estate in him, subject to his debts.

3. SAME. *Heirs may compel conveyance of remainder.*
   A father who has, with his wife's money or means, purchased land in his own name, holds it as trustee of a resulting trust in her favor, but after her death has a life-estate in the equity. In such a case, the wife's heirs, who are remainder-men in fee of the equitable estate, can compel their father, the life tenant by the curtesy, who is apparently tenant in fee-simple, or his assignee, by contract or by operation of law, with notice, to convey to them the legal estate in remainder.

4. CHANCERY.   *Multifariousness.*

A bill by the heirs of a deceased mother against their father, a creditor in a decree against him, and a purchaser at a sale under the decree, both with notice, claimed a resulting trust in land sold under the decree by reason of the investment of their mother's money in the purchase thereof by their father, and, because the land sold for an inadequate price, on account of the complication of the title, claimed that the sale should be set aside and a second sale restricted to the actual interest of the debtor in the property.   A demurrer was interposed, on the ground that, as the complainants had no concern in the sale of their father's interest or the price which it might bring, they had no right to litigate that question, and that by mixing it up with the other grounds of relief, which were entirely independent and disconnected therefrom, the bill was rendered multifarious. *Held*, that the bill was not multifarious for the reason assigned.

5. HOMESTEAD EXEMPTION.   *Interest of debtor's children.*

Under the codes of 1857 and 1871, the homestead exemption is a personal privilege of the debtor, which may be lost by abandonment. Under § 1956, Code 1871, if an inheritable estate, it would, at the debtor's death, descend to his wife and children as tenants in common.   Subsequent legislation makes the estate not salable, without joinder of the wife in the deed.   But, while the debtor may claim the exemption as against a purchaser thereof at a judicial sale under decree against him, there is not, under either of the codes, such an interest in his children as enables them to vindicate it by suit as a right of property.

APPEAL from the Chancery Court of Noxubee County.

Hon. JOHN J. DENNIS, Chancellor.

*H. L. Jarnagin, Sen.*, for the appellants.

1. The bill is multifarious.   It seeks to set aside the sale of the land, made by the sheriff, for inadequacy of price, to ascertain the interest of the defendants, and their co-defendant, L. W. Smith, and to establish a resulting trust to the complainants in the land.   Story Eq. Pl. §§ 271, 278, 286, 540.

2. What right have the complainants to set aside the sheriff's sale ?   They were not parties to the sale of L. W. Smith's interest in the lands, and are in no wise interested therein.   L. W. Smith alone had the right to complain of the sale for inadequacy of price.   For the purpose of establishing the resulting trust, the setting aside of the sale of the land has no bearing. They should not be joined in the same bill.

3. L. W. Smith, having a life-estate (his right of curtesy

in the land, Code 1871, § 1787), and De Witt C. Taylor acquiring said estate at the sale, it cannot be divested, and the resulting trust cannot be set up by the complainants, until the death of L. W. Smith.

*Thomas Christian* and *Foote & Foote*, for the appellees.

1. There are not two distinct and separate matters contained in the bill. It is necessary to set aside the sheriff's sale, in order to establish the rights of the complainants, and vest in them the fee. If true that the sale conveyed their father's life-estate, it conveyed no more; and yet the sheriff's deed on record gives the purchaser such an apparent title to the fee-simple, that he can destroy the complainants' rights by conveying to an innocent purchaser. The court could not vest the legal title to the remainder in the complainants, until that deed was set aside.

2. A bill is multifarious only when the different grounds of suit are wholly distinct, and each is sufficient to sustain a bill; but when they are not wholly distinct, but form parts of one continued transaction, all essential to a proper understanding of the case, the bill is not multifarious. *Kennebec Railroad* v. *Portland Railroad*, 54 Maine, 173. A bill is not multifarious for stating more than one ground in support of the complainant's claim. 2 Jones Eq. (N. C.) 198. If the grounds of a bill in equity be not entirely distinct and wholly unconnected; if they arise out of one and the same transaction, or series of transactions forming one course of dealing and all tending to one end; and, if one connected story can be told of the whole, — then the objection of multifariousness cannot apply. *Bedsole* v. *Monroe*, 5 Ired. Eq. 313. See also *Ayres* v. *Wright*, 8 Ired. Eq. 229; *Booth* v. *Stamper*, 10 Ga. 109; *Butler* v. *Spann*, 27 Miss. 234; *Miller* v. *Helm*, 2 S. & M. 687, 695; Mitford Eq. Pl. 182; Story Eq. Pl. §§ 271, 271 *a*, 272–279 *a*, 284–287; *Wilson* v. *Castro*, 31 Cal. 420; *People* v. *Morrill*, 26 Cal. 336. A bill is not multifarious for joining two causes of complaint growing out of the same transaction, when all the defendants are interested in the same claim of right, and similar relief is sought against each. *Bowers* v. *Keesecher*, 9 Iowa, 422; *Wells* v. *Bridgeport Hydraulic Co.*, 30 Conn. 316.

This bill contains a plain, connected statement of facts,

essential to a proper understanding of the case by the court. If it has prayed for any improper remedy or relief, which the court would not be authorized to grant, it would not make the bill multifarious. It is homogeneous. There is but one subject-matter in it; viz., the right of the complainants, as heirs-at-law of their mother, to the lands mentioned in the bill.

SIMRALL, C. J., delivered the opinion of the court.

The complainants, the children and heirs of their deceased mother, Arachane M. Smith, *née* Taylor, exhibited their bill against De Witt C. Taylor, Isaac W. Taylor, and Littleberry W. Smith, Sen., praying relief on the following statement of facts : —

Their father, the defendant, Littleberry W. Smith, applied the distributive interest of his wife in the estate of her father, in the purchase of the several parcels of land described in the bill, and took the conveyance to himself. The amount thus applied was $12,259.30. Their father, L. W. Smith, bought another parcel of land, containing one hundred and forty-five acres, with the funds of his wife derived from the estate of Moses Cavett, deceased, of which estate she was a distributee, and took the deed in his own name. Some of these lands thus acquired were exchanged by L. W. Smith for other lands. In 1874, their mother, Arachane M. Smith, died. On June 10, 1874, the defendant, Isaac W. Taylor, obtained a decree against his co-defendant, L. W. Smith, in the Chancery Court of Noxubee County, for $12,829.45, under which decree the lands mentioned in the bill, and in respect of which relief is prayed, were sold to De Witt C. Taylor, for the inadequate sum of $551, — not more than the value of one year's rental. This sale was made June 7, 1875, under a writ of *venditioni exponas.* After the land had been levied upon, under the writ of *fieri facias,* the complainants enjoined the sale ; but their injunction was dissolved, and bill dismissed, on the ground that the debtor, L. W. Smith, had a salable interest in the land. The dismissal was without prejudice of the complainants' rights. De Witt C. Taylor, the purchaser, is the brother of I. W. Taylor, the creditor, and both are

brothers of the complainants' mother. Both had knowledge that their co-defendant, L. W. Smith, had acquired the land with the funds and means of his wife, and that she was in equity the owner. Some of the complainants are minors, and it is alleged that the land is the only homestead of the father and his minor children. No steps were taken by the sheriff, prior to the sale under the decree, to ascertain the homestead.

The prayer is, that the sheriff's sale may be set aside, and his deed to De Witt C. Taylor be declared null and void; that L. W. Smith be required to convey the property to the complainants, subject to his rights as tenant by the curtesy, if the court shall be of opinion that he has such an estate; that the rights of all parties may be defined, so that the property will not be sacrificed if a sale should be ordered to satisfy the decree; that the rights of the complainants be preserved in conformity to the homestead law; and, if mistaken in the special prayers, then for such other and further relief as may be consistent with the facts. The demurrer assigns special causes: First, multifariousness. Second, that the complainants have no interest in setting aside the sheriff's sale. Third, that the defendant, L. W. Smith, had a salable interest in the land, and that Isaac W. Taylor had an interest in the resulting trust, and should not have been joined as a defendant. The other special grounds are substantially embraced in those recited above. The demurrer was overruled, and appeal taken from that order.

The case made by the bill may be stated in this abbreviated form. The complainants, heirs of their deceased mother, claim a resulting trust in the land which was sold under the decree obtained against their father, by reason of the investment of their mother's separate money or means in the purchase by their father. He held as trustee for their mother, to whose equitable estate they have succeeded by inheritance.

The creditor in the decree, and the purchaser at the sale under it, have no better rights than L. W. Smith, because they had knowledge of the use of the wife's money in the purchase, and of her equity.

The husband, surviving the wife, became tenant by the

curtesy of her equitable estate. There was in him a complete vested life-estate, subject to his debts. *Redus* v. *Hayden*, 43 Miss. 614; *Stewart* v. *Ross*, 50 Miss. 776. This is conceded by the complainants.

But the complainants insist that, on account of the complication of the title, the land brought at the sheriff's sale a grossly inadequate price; that the sale should, for that reason, be set aside; and that the court should restrict the second sale to the actual interest of the debtor in the property. The demurrer challenges the right of the complainants to bring that question into litigation, because they are not prejudiced, and have no concern in the sale of their father's interest, or in the price that it may bring; and alleges, therefore, that the bill is multifarious, by mixing that subject with the other grounds of relief, which are said to be wholly independent, and disconnected therefrom.

It may be true that the complainants, who are remainder-men after the termination of the life-estate, are not concerned in the question whether the life-estate brought an adequate price or not, inasmuch as their right to the enjoyment of the property does not begin until that estate terminates. Yet they are deeply interested in having ascertained and clearly defined the character and *quantum* of estate that passed to De Witt C. Taylor, the purchaser under the decree. Their father, by the deeds which they exhibit, and which were recorded, was the ostensible owner in fee of the legal title. The levy of the sheriff, under the *fieri facias*, was upon all his right and title in the property. The deed to the purchaser was coextensive with the levy. So that De Witt C. Taylor, on the face of the muniments of title, was absolute owner of the legal estate.

The complainants stood upon very slippery ground. If they had not moved, but had remained passive until the death of their father, De Witt C. Taylor in the mean time might have sold the property, and his vendee, ignorant of the complainants' equity, could have confidently relied upon the recorded legal title in their father, and insisted upon his rights as an innocent purchaser. The complainants, thus embarrassed and hampered, address an appeal to the Chancellor, to the effect:

" We are the real owners of the equitable title in remainder to this land. De Witt C. Taylor acquired no more by the sheriff's deed than the estate by curtesy of L. W. Smith; but ostensibly he holds the absolute legal title in fee. He may sell the property to a purchaser ignorant of our rights. Against such a purchaser we could have no relief. Moreover, as time recedes from the date of the accrual of our title (1857), nearly twenty years ago, the memory of witnesses grows dim, and the evidences of our right fade away. Wherefore, interpose by declaratory decree, and establish our title. Either for the great inadequacy of price set aside the sale, and declare that on the second sale no more shall be offered to bidders than the life-estate of L. W. Smith, and no more than that shall be conveyed to the purchaser, or, if we cannot question that sale, declare that De Witt C. Taylor acquired merely the life-estate, and that the sheriff's deed only operated to convey that. Confirm our title as equitable owners in remainder, and compel De Witt C. Taylor or L. W. Smith, or both, to convey the legal title in remainder to us."

The object of the bill is to set up a resulting trust subject to the estate by the curtesy of the father. The allegations in respect of the money decree against the life tenant, and the sale under it, are connected with the main subject, and necessary as showing their influence upon the title and the interest of the defendant, De Witt C. Taylor, in the property. That sale transferred the legal title of L. W. Smith, subject to the trust. The result to the complainants would be precisely the same whether the sale should stand, or whether a resale should be made, limited to the estate by the curtesy of their father. It is indifferent to them in which form the relief shall be granted. We are of opinion that the bill is not multifarious for the reason assigned.

If the estate by the curtesy were put out of view, counsel for the appellants would not question the right of the appellees to establish the trust, against any person deriving title from L. W. Smith, with notice of the trust. The controversy is then narrowed to this : Can the remainder-men in fee of the equitable estate compel the life tenant by the curtesy, who is apparently tenant in fee-simple, or his assignee, by contract or

by operation of law, with notice, to convey the *legal* estate in remainder, if the trust shall be established by competent evidence ? Without hesitancy, we answer this proposition in the affirmative. If the Chancery Court cannot administer that relief, then the beneficiaries of the trust have no remedy, but must wait until the particular estate has terminated, and take the risk of the alienation of the estate by the holder of the legal title, or an assignment by sale under final process or decree, and incur the risk of the loss of evidence to prove their right.

According to the statements of the bill, the complainants are equitable owners of the fee in remainder, the legal title outstanding in a person who owes to them the duties of a trustee. The legal title obscures their right, is a perpetual menace, and might be transferred to an innocent purchaser. Surely a court of chancery can so deal with the legal title as to establish completely the equitable right, and convert it into a legal estate, by directing the proper conveyances to be made.

But the complainants, by reason of the minority of some of them, set up a right also to a homestead exemption. The laws on that subject exempt from seizure and sale under attachment or execution, judgment or decree, a defined portion of the debtor's land, occupied by him, being the head of a family, as a home. It is a personal privilege of the debtor, under the codes of 1857 and 1871, which may be lost by abandonment. Under § 1956, Code 1871, if the debtor has an inheritable estate, it will, on his death, descend to his widow and children, as tenants in common. Subsequent legislation makes the estate inalienable, without the joinder of the wife in the deed. There are some other modifications, which do not affect the question here made. There is not, under either the code of 1857 or of 1871, such an interest in the children of the debtor as enables them to vindicate it by suit as a right of property. The exemption may be claimed by L. W. Smith, and may be the subject of litigation between him and De Witt C. Taylor. See *Lessley* v. *Phipps*, 49 Miss. 790.

We think the demurrer to the bill was properly overruled; wherefore the decree is                              *Affirmed.*