## J. POLLOCK & CO. ET AL. *v.* OKOLONA SAVINGS INSTITUTION.

1. CHANCERY.   *Jurisdiction.   Multiplicity of suits*
   A preferred creditor who is the depository of the trustee in an assignment attacked by unpreferred creditors, who garnish the deposit, can maintain a bill in equity, to prevent a multiplicity of suits, and have determined his right to apply the fund exclusively to his debts.

2. SAME.   *Parties.*
   In such case it is unnecessary to make all the grantor's creditors parties to the bill, but the plaintiffs in the attachment, and the assignee, who is trustee for all the creditors, is enough.

Conclusion of the syllabus.        Commencement of the briefs.

3. SET-OFF.    *Money deposited with preferred creditor.*
  If the assignment is declared void, money so deposited before the depository
    or assignee is garnished can be applied to the debt which the assignor owed
    the depository.

APPEAL from the Chancery Court of Chickasaw County.
HON. BAXTER MCFARLAND, Chancellor.

The facts are stated in the opinion.

*W. T. Houston,* for the appellants.

It appears from the bill that there are other preferred creditors who should be made parties. If the appellee claims under the assignment they are *cestuis que trust,* and if by virtue of the payment of the money they have an interest in the fund. Burrill on Assignments, §§ 457, 493; Dan. Ch. Prac. 190. The appellee acquired no right by virtue of the deposit to set-off against the appellant's claims. Money deposited by the assignee was not the money of Murdock & Parchman. *Beckwith* v. *Union Bank of New York,* 9 N. Y. 211. As to the appellee, which is an assenting creditor, the assignment is valid. Bump Fraud. Con. 457, 460. Prevention of a multiplicity of suits is not sufficient ground in this case to sustain the jurisdiction. *West* v. *The City of New York,* 10 Paige 539. In the case of *Bishop* v. *Rosenbaum,* 58 Miss. 84, all the attachments were on the same property. The appellee does not pay the money into court, disclaim all interest, and ask for an interpleader.

*J. A. Orr,* for the appellee.

The bill is maintainable to avoid a multiplicity of suits. *Bishop* v. *Rosenbaum,* 58 Miss. 91. A number of attachments have been levied upon the property, the same question is involved in each of these cases, and one decree will determine all of them. Delivery of the assets under the assignment renders it valid. *Baldwin* v. *Flash & Co.,* 58 Miss 593; *Baldwin* v. *Flash,* 59 Miss. 61. The facts constitute an equitable assignment of the fund. 2 Story Eq. Jur., §§ 1044, 1047. If the written assignment is void and there is no equitable assignment, the bank clearly has the right to set-off the debt due it against the claims of creditors of Murdock & Parchman. *Dunnon* v. *Roylston Bank,* 27 Miss. 194; *National Bank* v. *Peck,* 127 Mass. 298.

| Conclusion of the briefs. | Commencement of the opinion. |
|---|---|

*McIntosh & Williams*, on the same side.

When money is deposited in a bank it ceases to be the money of the depositor, and the relation of creditor and debtor springs up. Morse on Banking, 26 *et seq.* It necessarily results, therefore, that the right to set-off the deposit against the claims of the creditors of Murdock & Parchman exists.

CHALMERS, J., delivered the opinion of the court.

Murdock & Parchman, a mercantile firm, in the town of Okolona, being insolvent, by deed of general assignment transferred to one Black all their property, real and personal, with directions to sell the same, and with the proceeds pay off their debts, making some of their creditors preferred and others unpreferred. Among those preferred was the Okolona Savings Bank, which was their largest creditor. Several unpreferred creditors at once sued out attachments against the assignors upon the ground that the deed of assignment was fraudulent, and levied on the goods in the hands of the assignee, and had writs of garnishment served upon the Okolona Savings Bank, and upon Black, the assignee. Some of these attachment suits were upon traverse in the circuit court dismissed, but the attaching plaintiff recovered personal judgment against Murdock & Parchman for the several amounts due, and upon return of *nulla bona* again garnished the assignee and savings bank. One of the creditors, to wit, the Savings Bank of Mobile, in addition to suing out its attachment and garnishment writs, also filed a bill in the Chancery Court of Chickasaw County attaching the deed of assignment executed by Murdock & Parchman to Black, assignee, as fraudulent in law upon its face, and asking to have it executed. While these several suits were progressing, Black, the assignee, was actively proceeding to wind up the business, in accordance with the provisions of the deed, by converting the property transferred to him into money. Seven hundred dollars of said proceeds he paid over to the Okolona Savings Bank, on the preferred debt held by it, and the balance of the proceeds, amounting to the sum of two thousand dollars, he deposited with said bank in his own name and to his credit as assignee. The savings bank,

the garnisher in all these attachment procceedings, and the defendant in the chancery suit brought by the Mobile Bank, has, under these circumstances, filed the present bill in chancery, the object of which is to enjoin the further prosecution of the attachments at law, the adjudication of the rights of all the parties by one decree, and the establishment of its own right to set-off against the deposit standing on its books to the credit of Black, assignee, its own debts against Murdock & Parchman, which exceed in amount the sum of said deposit.    Demurrers are interposed by the defendants upon various grounds, three of which only need to be noticed.

1st.  It is objected that all the creditors' of Murdock & Parchman should have been made parties, inasmuch as all had an interest in the fund deposited by the assignee.    The point is not well taken. The assignee in whose name the deposit stood, and who was a trustee for all, was a party, and so also were all the persons who had garnished the fund ; and this was enough.

2d.  It is urged that equity has no jurisdiction to enjoin the trial of attachment suits, no matter how numerous, where the right of each creditor is several and independent, and where each, therefore, is entitled to the verdict of a jury on the facts of his particular case, and where the right of each is purely legal in its character. It was held in *Bishop* v. *Rosenbaum*, 58 Miss. 84, that the jurisdiction of equity existed in this class of cases at the instance of a claimant of property attached, who had given separate bonds to sundry attaching creditors, aggregating more than the total value of the property attached ; but the decision was limited to a case where such bonds had been given, and the jurisdiction was sustained because of the giving of the bonds.    The great weight of authority, however, carries the jurisdiction beyond this, and it may be considered as settled that for the purpose of preventing a multiplicity of suits, a court of equity may draw to itself the ultimate decision of many actions at law, where the suits are by one against many or by many against one, all the cases depend upon a common state of facts and upon a common principle of law, which will govern and control the rights of all, although there be no community of right between the several parties and their demands arise at differ-

ent times.  Such is the view announced in Pomeroy Eq. Jur., §§ 244 to 274 inclusive, after an exhaustive review of the cases and an able and well-reasoned discussion of the question on principle. It is not now necessary to decide whether this principle would justify the absorption by court of chancery of the trial of a number of attachment suits where the several debts due were disputed or where the grounds of attachment alleged were different, even though dependent upon the same facts, because here the debts are not disputed and the common and sole ground of attachment is the alleged fraudulent character in law of the deed of assignment.  In this case all the garnishing creditors assert a claim against the funds on deposit in the bank upon the common ground that the deed of assignment being void these funds are the property of Murdock & Parchman, and the bank asserts against them all a common right to apply those funds to its own demand against Murdock & Parchman.  In such a case there can be no valid objection to invoking the jurisdiction of a court of chancery to settle the rights of all in a single proceeding.  High on Injunctions, §§ 12, 53.

3d.  It is insisted that there is no equity in the bill, or, in other words, that there is no right in the bank to apply the funds deposited by the assignee to their own claims against Murdock & Parchman.  When a general deposit is made with a bank, the money received becomes the property of the bank, and the latter the debtor of the depositor.  If, therefore, the depositor is already the debtor of the bank, the right of off-set springs up and the bank may at once appropriate the new deposit to the old debt, and may indeed be compelled so to apply it, if the depositor requires it.  Morse on Banking 41.

This right, however, does not exist if the deposit is made for a special purpose or trust, and the bank knew or has good reason to suspect that such is the fact at the time of the reception.  In such case the bank must be considered as having agreed to receive it subject to the purpose or trust, and hence when called upon to repay cannot repudiate the implied condition on which it was received.  Morse on Banking 35 *et seq.; Bank of United States* v. *Macalester*, 9 Penn. St. 475.  In the present case the bank received

the money from Black, assignee, and so long as he has any legal or equitable right to the fund, that right must be respected; but the assignment under which he received it has now been declared fraudulent and void (*Mobile Savings Bank* v. *Murdock & Parchman*, this day decided), and hence it follows that the money has never been legally the property of the assignee, but remains, as were the goods assigned, the property of Murdock & Parchman. The assignment is to be treated as having never been made, and, hence, the bank holds the money of their debtors, Murdock & Parchman. Such of this money as came into its vaults after the levy of any valid and subsisting garnishments, either against itself or against Black, the assignee, is bound by those garnishments, and cannot be by it withheld against the assertion of the rights so acquired. But why should it be compelled to surrender the money to the demands of those who, having no rights superior to its own, ask that it be paid over to them? If Murdock & Parchman were to bring suit for the money, the right of off-set could be pleaded against them because, though it was deposited for a particular purpose, that purpose has wholly failed and cannot be executed. Black's character as assignee being gone by the annullment of the assignment, he would, if the money were turned over to him, be the mere holder of it as the private agent of Murdock & Parchman; and to any suit brought by him to recover it, the right of off-set existing against the latter could be pleaded by the bank. *Hunt* v. *Shackleford*, 55 Miss. 94. It follows, therefore, that as to all money received before the service of any subsisting garnishment upon itself or the assignee, the right of set-off exists in the bank.

*Decree affirmed and leave granted to answer within sixty days.*