## BERENICE BARRY *v.* SALLIE F. BARRY.

1. CHANCERY PRACTICE. *Multifariousness as to party. Specific performance of contract.*

In a suit to enforce the specific performance of an indivisible contract, a third party who holds a conveyance to certain lands which, by one of the stipulations of the contract, is agreed to be conveyed, is a necessary party, and therefore the bill is not multifarious because of bringing in such third party.

2. SAME. *Cancellation of deed. Partial right of complainant. Demurrer to bill.*

And if in such suit the bill also seeks a cancellation of the deed of such third party, but only shows ground for a cancellation of the deed as to a part of the land, this does not affect the right of the complainant but merely its extent, and the bill is not on that account bad on demurrer for want of equity.

APPEAL from the Chancery Court of Le Flore County.

HON. R. W. WILLIAMSON, Chancellor.

In September, 1885, Mrs. Sallie F. Barry filed this bill against her son, W. S. Barry, and his wife, Berenice Barry.

The bill alleges that W. S. Barry, Sr., died in 1868, and left a will, by which his estate was given to complainant in trust for herself and her son, W. S. Barry ; that she assumed the control and direction of the property, which consisted of a plantation and appurtenances, and improved the same greatly, using her own means therein ; that with the profits accruing she purchased a certain tract of land known as the " Wilson deadening ;" that defendant, W. S. Barry, in full knowledge of the terms of the will of W. S. Barry, deceased, fraudulently induced the vendors of the Wilson land to make a deed thereto to him individually ; that on complainant's learning of this deed, she required defendant, W. S. Barry, to make her a deed to this land, but before this deed could be recorded

it was mysteriously abstracted from her papers, and subsequently (in 1882) W. S. Barry executed a voluntary deed to this "Wilson" tract of land to his wife, Berenice Barry, who knew all the circumstances, and that this latter deed was duly recorded; that in 1883 complainant, in order to avoid litigation, entered into an agreement with defendant, W. S. Barry, by which he was to take charge of the plantation and a certain store situated thereon, manage them, and on the first day of each year pay complainant one thousand dollars for the use thereof; that complainant was to have certain mortgage bonds belonging to the estate, and that the Wilson land was to be conveyed to complainant and W. S. Barry in fee simple. The bill further alleges that the defendant, W. S. Barry, has wholly failed and refused to carry out his part of the agreement, and asks for a specific performance of the agreement both as to the payment of the rents and the making of the deed to the "Wilson" land, and also asks that the deed to Berenice Barry be cancelled. The defendant, Berenice Barry, demurred to the bill for multifariousness in making her a party and for want of equity. The Chancellor overruled the demurrer, and she appealed.

*Hooker & Wilson,* for the appellant.

1. The gist of the bill is for the specific performance of a contract between complainant and one W. S. Barry, and the attempt is made to draw into the charmed circle the outstanding title of a third party which existed prior to the making of the agreement. Appellant received her title and was enjoying the fruits of it long before the contract in question was made, and she cannot be drawn into this litigation as to the enforcement of this contract unless it was done on the simple ground that she was the wife of W. S. Barry. If she had been a stranger to the contracting parties, and held an outstanding title to the land, a court called on to enforce a specific performance of the contract would not draw into the vortex of their litigation her title, and say that she had to dispose of it in accordance with their contract, and yet this is what the court is called upon to do.

Appellant's title was of record, and whatever title W. S. Barry may have had was in appellant, and her title was well known to complainant.

With this state of facts existing, complainant and W. S. Barry contract that this title shall be conveyed to S. F. Barry and son. Now, it is impossible, if necessary, for W. S. Barry to convey.

There is no intimation that W. S. Barry is insolvent and unable to respond in damages for breach of the contract.

Complainant must look to the party with whom she contracted, and if he is unable to carry out his contract, must look to him for damages for breach thereof.

2. Besides this, what right has complainant to demand of appellant that she convey this property to S. F. Barry and W. S. Barry jointly? Certainly not by reason of any contract so to do upon her part.

If there is no contract on her part to that effect, then we see no reason for calling upon her to convey back the land to her grantor. The argument seems to us irresistible that her deed from W. S. Barry, whether a gift or a sale to her, invested her with his title and interest, legal and equitable, to the land. That as far as W. S. Barry is concerned, all his interests in this land passed to his grantee in that deed to the appellant. By reason of what, then, is she called upon to surrender that title again to him and to whom he may direct? Certainly not by a contract afterward made by *him* and *complainant*. That would be placing the title of a grantee at the mercy of the grantor.

*A. H. Somerville* and *T. H. Somerville*, for the appellee.

1. The facts charged in the bill constitute a gross fraud upon the rights of appellee on the part both of appellant and her co-defendant. The bill imputes knowledge on appellant's part that the land was purchased with means belonging to the estate of Wm. S. Barry, deceased. It was a fraud for her to accept a deed from her husband in violation of his mother's rights. In the absence of an answer denying the fraud, the Chancellor did not err even if it could be successfully maintained that the bill is multifarious.

2. There is no established rule as to what constitutes multifariousness. Each case must be determined by its attendant circumstances.

The purpose of the bill is a single one, to wit: To enforce a

specific performance of the contract. Appellant has no equity that is distinct and independent from the rights of her husband. " It is not indispensable that all the parties should have an interest in all the matters contained in the suit. It will be sufficient if each party has an interest in some matters in the suit, and they are connected with the others." Story's Eq. Pl., § 271 (a); *Walker* v. *Shannon*, 53 Miss. 500.

The subject-matters of this suit are all embraced in the will and included in the contract made exhibits to the bill. Appellant is a mere assignee and a necessary party to the suit.

COOPER, C. J., delivered the opinion of the court.

Complainant seeks by her bill the specific performance of an inseparable and indivisible contract entered into by the defendant, W. S. Barry. A part of the subject-matter of this contract (the Wilson land) has been by him conveyed, first to the complainant and then by a subsequent voluntary conveyance to his wife, the appellant. It is true this voluntary conveyance was executed before the contract was made of which specific performance is sought, and that the appellant is not a party to that contract, but she has at least the form of a conveyance to the whole interest, and is a necessary party to a suit to enforce the performance of the contract which covers the land. Under these circumstances the bill is not subject to exception for multifariousness. Story Eq. Pl. 278 ; *Attorney General* v. *Corporation of Poole*, 4 M. & C. 31 ; *Inman* v. *Wearing*, 3 De G. & S. 729 ; *Campbell* v. *Mackay*, 1 M. & C. 603 ; *Taylor* v. *Smith*, 54 Miss. 50.

It may be true that by reason of the contract between the complainant and defendant, W. S. Barry, she may not be entitled to a cancellation of the deed to the appellant beyond the undivided half interest in the property, but this will affect the extent of the decree which may be made on final hearing, and not the right of complainant to some relief.

*Decree affirmed and appellant required to answer within thirty days after the mandate shall have been filed in the court below.*