SARAH THAMES ET AL. *v.* ROBERT MANGUM ET AL.

[40 South. Rep., 327.]

1. CHANCERY PLEADING AND PRACTICE. *Partition. Co-tenants. Parties. Code* 1892, § 3101.

Where a tenant in common of lands executed a deed purporting to convey the entire estate, his co-tenants may maintain a bill in equity to set aside the deed, so far as it affects them, and for partition of the lands, or sale thereof for division of the proceeds, against immediate and remote vendees, claiming through said deed, under Code 1892, § 3101, authorizing the court in suits for partition to adjust equities between joint owners.

2. SAME. *Statute of limitations. Infants.*

A bill in equity appearing upon its face to be barred by the statute of limitations cannot withstand a demurrer merely because the complainants sue by next friend, there being no averment that they are infants.

FROM the chancery court of Simpson county.

HON. JAMES L. McCASKILL, Chancellor.

Thames and others, appellants, were complainants, and Mangum and others, appellees, defendants in the court below. From a decree sustaining the demurrer of the defendants to the bill of complaint the complainants appealed to the supreme court.

Mary Thames and her husband formerly owned the land in controversy jointly, each owning an undivided one-half interest. By the death of Mary, in 1893, her one-half interest descended to her three children, the appellants here, complainants below, and to her husband, the three children each inheriting a one-eighth interest in the land. In 1894 the husband, T. M.

Thames, by warranty deed, conveyed the entire land to Mangum. In 1905 complainants filed the bill in this case, praying the cancellation of the deeds made by T. M. Thames to Mangum, and by Mangum to all others holding conveyances from him, in so far as the same purport to convey a greater interest than that which Thames had in the property, and for a decree ordering a sale of the land for division of the proceeds. All the defendants below, appellees here, trace their title through Mangum. The Gulf & Ship Island Railroad Company, one of the defendants, claiming a right of way over the land, demurred to the bill, and its demurrer was adopted by all the other defendants. The court sustained the demurrer.

*J. P. Edwards, W. M. Lofton, Alexander & Alexander,* and *George B. Power,* for appellants.

Counsel cited the following authorities: *Westbrook* v. *Munger,* 61 Miss., 329; *Taylor* v. *Chickasaw County,* 70 Miss., 87 (s.c., 12 South. Rep., 210); *Foster* v. *Canning Co.,* 71 Miss., 624 (s.c., 15 South. Rep., 931); *Pollock* v. *Savings Institution,* 61 Miss., 293; *Bishop* v. *Rosenbaum,* 58 Miss., 84; *Barry* v. *Barry,* 64 Miss., 709 (s.c., 3 South. Rep., 532); *Taylor* v. *Smith,* 54 Miss., 51; *Richardson* v. *Brooks,* 52 Miss., 118; *State* v. *Brown,* 58 Miss., 835; *Hardie* v. *Bulger,* 66 Miss., 577 (s.c., 6 South. Rep., 186); *Jones* v. *Foster,* 50 Miss., 47; *McGowan* v. *McGowan,* 48 Miss., 553.

*J. H. Neville, R. L. Dent,* and *McWillie & Thompson,* for appellees.

When T. M. Thames executed a conveyance of the whole estate in the lands in suit to C. W. Mangum in 1894, and that deed was put of record, it was a hostile asertion of title as against all persons, including the complainants, even if the latter be conceded to have been his co-tenants to the extent of a three-eighths interest.

The bill was filed in 1905—more than ten years after the exe-

cution of the deed above mentioned—and complainants are clearly barred of all remedy by Code 1892, § 2731. *Jones* v. *Rogers,* 85 Miss., 802 (s.c., 38 South. Rep., 742).

The bill does not allege that the complainants are infants or were such at any time from 1894 to the filing of the bill. They are equally precluded by prescription under the statute and the equity doctrine of laches. All pleadings are to be taken most strongly against the pleader, and the minority of the complainants cannot be asumed to excuse their lack of diligence, but must be plainly and distinctly alleged to have such operation. The bill contains no allegation whatever in respect to the ages of the complainants.

The Gulf & Ship Island Railroad Company received, according to the allegations of the bill, a conveyance of a right of way through part of the lands, in the town of Magee. A right of way is a mere easement, and cannot be made the subject of a partition or sale for division of proceeds under any section of Code 1892, ch. 97, relating to "partition of property," the property therein referred to being "lands" and "personal property" susceptible of seizure, and not incorporeal interests in real estate, mixed property, merely savoring of the land. Moreover, the court could not properly have decreed the sale of this right of way. Even if it had adjudged the question of title in favor of the complainants, further proceedings would have been subject to suspension until the damages to complainants could have been ascertained by an eminent domain proceeding; but, of course, as the right to adjudicate controversies as to title is, under the statute, merely auxiliary to the partition of the property, and the property must be land, the first step could not be taken. *Railroad Co.* v. *LeBlanc,* 74 Miss., 674 (s.c., 21 South. Rep., 748).

In *Railroad Co.* v. *Hoye, ante* (s.c., 40 South. Rep., 5), it was held that courts of equity had absolutely no power to adjudicate the damages resulting from the appropriation of land by railroads for a right of way.

As the Gulf & Ship Island Railroad Company's attitude in the case is not the same as that of the other defendants, there is a misjoinder of parties defendant; and if the bill is multifarious in that, the case as to that company is wholly different from the case as to the other defendants, and the same relief could not be granted against it that might be granted against the other defendants upon an adjudication in favor of complainants as to the title.

Counsel for appellants argue that if the decree of the court below is affirmed, the cause should be remanded, with leave to the complainants to amend. It will be observed that the complainants were allowed opportunity to amend in the court below, but declined to do so. We think they are bound by this election in the lower court, where they waived any right they may have had. While it is different in cases of reversal, an appellate court on affirming a decree sustaining a demurrer will not grant leave to amend. *Bank* v. *Ellis,* 30 Ala., 478.

TRULY, J., delivered the opinion of the court.

The demurrer of the appellees to the bill of complaint is not maintainable upon any of the grounds specifically set forth. This is manifestly a case where equity, having unquestionable jurisdiction of the cause of action, should assume full jurisdiction and settle all disputed questions in one and the same suit. This is necessary in order to prevent a multiplicity of suits. It is a well-established rule in this state that in many different classes of suits equity will not refuse to settle in one suit all matters at issue, even though the various defendants may have different interests or interpose varying defenses. All matters in dispute may be litigated in one proceeding, so that the ultimate decision of one suit will obviate all necessity of instituting and prosecuting many different actions at law. In this case the right of the complainants, as against all of the defendants, arises from one and the same state of facts. It is in just such a case that the wisdom of the rule permitting equity to assume general jurisdiction is most apparent. See, as illustrative of this doctrine,

*Pollock* v. *Savings Institution,* 61 Miss., 293 ; *Bishop* v. *Rosenbaum,* 58 Miss., 84 ; *Crawford* v. *Railroad Co.,* 83 Miss., 708 (36 South. Rep., 82 ; 102 Am. St. Rep., 476) ; *Tisdale* v. *Insurance Co.,* 84 Miss., 709 (36 South. Rep., 568) ; *Barry* v. *Barry,* 64 Miss., 709 (3 South. Rep., 532) ; Code 1892, § 547.

The final prayer of the bill of complaint is for partition and sale of the premises. In such suits the court is expressly clothed with power to "adjust the equities between and determine all claims of the several co-tenants." Code 1892, § 3101. Although the ground upon which the demurrer was sustained is not set out in the decree, it must, nevertheless, be affirmed, because the appellants, upon the face of the bill of complaint, appear to be barred by the ten years' statute of limitation. More than ten years have elapsed between the execution and recording of and entry into possession under the hostile deed, by Thames to Mangum, and the institution of this suit. It is urged for appellants that this ground cannot avail the appellees, for the reason that the suit is instituted "by next friend," and this, it is argued, necessarily implies that the real complainants are minors or rest under some other legal disability. We cannot draw inferences from a pleading to aid the pleader. The pleading must be most strongly construed, when its sufficiency is challenged by demurrer, against the pleader. Considered in the light of this rule, the right of action appears to be barred, and the bill of complaint contains no express averment of minority or other legal incapacity which would stop or prevent the running of the statute. For this reason the decree sustaining the demurrer must be affirmed.

But, in order that no injustice may be done, and that the appellants may have an opportunity of presenting in proper manner any claim which they may have—inasmuch as the statute of limitation is interposed by the demurrer only inferentially, if at all—

*The cause is remanded, and leave granted appellants to amend their bill within thirty days after filing of mandate in the court below.*