RUBBER WHITLOCK ET AL. *v.* YAZOO AND MISSISSIPPI VALLEY RAILROAD COMPANY.

[45 South., 861.]

EQUITY JURISDICTION. *Multiplicity of suits. Injunction.*

    An equity court has jurisdiction, because of a multiplicity of suits, to enjoin and try as one a large number of suits, depending on the same facts, against a railroad company by plaintiffs who were passengers on the same train, each suing for damages resulting from its alleged unreasonable delay.

FROM the chancery court of Warren county.

HON. J. S. HICKS, Chancellor.

The railroad company, appellee, was complainant in the court below; Whitlock and forty-nine other negroes were defendants there. From a decree overruling a demurrer to the bill of complaint defendants appealed to the supreme court. The appellee filed its bill in chancery to enjoin defendants from prosecuting their fifty-nine separate suits at law for damages against it in order to prevent a multiplicity of suits. The bill alleged that each of the defendants had instituted a suit, claiming to have been a passenger on the same excursion train, that he or she was unreasonably delayed thereon by the negligence of the railroad company, and each demanding actual and punitive damages for the delay; that the demands and suits of the defendants are based upon the same state of facts; that the railroad company has a valid defense to each of them, but, unless enjoined these numerous suits at law will be tried separately before juries at great expense, with variant verdicts according

to the findings of different juries.   That great loss and expense can be obviated by a trial of all of the cases in one and this should be done since the witnesses in all of them are the same, they all involve a common state of facts and common principles of law.   The bill prayed that defendants be restrained from prosecuting their several actions at law, and that the suits be tried as if one in the chancery court.

*Marshall & Coleman,* for appellants.

The railroad company's bill alleges a multiplicity of suits as the only reason justifying an interference with the suits at law on the part of a court of equity.   With the exception of the dictum of Pomeroy in his work on Equity Jurisprudence (1 Pom. Eq. Jur. §§ 243, 274 incl.) we can find no authority which holds outright that a multiplicity of suits alone, without some other and fundamental equitable ground, will sustain the jurisdiction of the chancery court.   ·

This court has passed upon a case analogous to this in *Tribette* v. *Railroad Co.,* 70 Miss., 182; s.c., 12 South., 32. As Campbell, C. J., points out in that case, the statement of Pomeroy is unsupported by any case at that time decided.   See *Turner* v. *Mobile,* 33 South, Rep., 132.   Even in the subsequent case of *Crawford* v. *R. R. Co.,* 83 Miss., 708; s.c., 36 South., 82, this court went to great pains to state that, apart from the fact that a multiplicity of suits was sought to be avoided, the makers of the notes, to-wit, Crawford and the other defendants, had the right to have the notes delivered over and cancelled, since they were procured by fraud.   Fraud is always a ground for equitable relief.   Moreover, in the *Crawford case, supra,* the execution of all of the notes grew out of a single transaction, and their validity depended upon identical principles of law and a common state of facts, constituting that community of interest everywhere held to be necessary to give jurisdiction to a court of chancery to enjoin numerous parties from prosecuting suits at law against one defendant.

The community of interest necessary to sustain equity juris-diction is said by the books not to be simply an interest in questions of law and fact involved, but there must be a common right of title; this meaning, necessarily, that a decree in the controversy would have the effect of settling all the rights of the parties. What privity of interests exists in any of the different appellant's suits at law against appellee, except that interest common to all of a certain class in the questions of law and fact involved? And the decisions are numerous that such interest in itself is not sufficient to justify interference by a court of equity.

In *Railroad Company* v. *Garrison,* 81 Miss., 257; s.c., 32 South., 996, this court said, " The case of *Tribette* v. *Rail-road Company,* 70 Miss., 182; s.c., 12 South., 32, is a very different case from this one. There the damage re-sulted from a single past trespass, completed, over with; hence not to occur again in the future. . .. . The *Tribette case* holds that the jurisdiction is not maintainable, as asserted by Mr. Pomeroy, where the community of interest consists merely in the fact that the same question of law and similar questions of fact are involved in the several cases. We do not rest the exercise of the jurisdiction here on that proposition, but on the express holding in the *Tribette case* that the jurisdiction exists when there is a " common right or title " or a " com-munity of interest in the subject-matter of the controversy." We hold that the jurisdiction is maintainable in this case for the following reasons: first, this is not a case of a single past trespass, over with when it occurred, for all time, as was the *Tribette case,"* etc.

This case at bar is on all fours with the *Tribette case* in this, that it is a single past trespass, over with and not likely to occur again; and it is more than this; it is a case wherein the litigants do not base their suits upon a common principle of law and a common state of fact, but some of the suits at law are founded upon principles of law which govern actions

*ex contractu* while others are founded upon principles which govern actions in tort.

In *Tisdale* v. *Insurance Companies,* 84 Miss., 709; s.c., 36 South., 568, the court said, " The property insured was the same, and the principles of law governing the three cases were the same, and the facts were substantially identical. . . . We think the equity jurisdiction is maintainable on the ground of the prevention of a multiplicity of suits as well as the inadequacy of the remedy at law. The very same principles of law and the very same facts determine each case. Besides it is important to note that there could be but one true fixation of the amount of the loss, and yet each jury might put it at a different sum." But see *Scottish Insurance Co.* v. *Mohleman,* 73 Med. Rep., 66, contra.

In the cases at bar the amount of damages are bound to differ. The chancellor could not fix one true amount as that which all the defendants should recover. Without aggravated circumstances the damages recoverable in the cases *ex contractu* would be merely compensatory; while in the cases *ex delicto* they would be either compensatory or both compensatory and punitive as the facts might warrant the jury in finding. The different defendants are suing as plaintiffs at law for various sums, and have a right to have their damages awarded in proportion to the jury inflicted and to be shown in evidence.

We think that the decisions cited by learned counsel for the appellee are not in point.

*Mayes & Longstreet,* and *Chalmers Alexander,* for appellee.

This court held, at a very early date in the history of Mississippi jurisprudence, that courts of equity would interpose, where legal questions were involved, to prevent a multiplicity of suits, as, for instance, where the subject matter of the contest is held by one person in opposition to a number of other persons who controvert his right and whose interests may be distinct although depending on a common source. *Nevitt* v.

*Gillespie,* 1 How. (Miss.), 108.   See also *Butler* v. *Spann,* 27 Miss., 234, citing *Delafield* v. *Anderson,* 7 Smed. &. M., 630.   In *Tate County* v. *Desoto County,* 51 Miss., 588, it was held that where several persons were interested in an account to be taken, equity would prevent multiplicity of suits, and this, although it was strenuously insisted by defendants that the rights of the parties were ample in law.   In the case of *Bishop* v. *Rosenbaum,* 58 Miss., 84, where different creditors, who had proceeded by several attachments to protect their supposed interests as against one defendant for separate and different amounts, evidenced in different ways, were drawn, over their strenuous protests, into chancery by the filing of a bill against them, this court, through CHALMERS J., stated that injunction would lie; and cited High on Injunctions, § 53. In *Warren Mills* v. *New Orleans Seed Co.* (1888), 65 Miss., 391; s.c., 4 South., 298, where repeated torts were committed by one defendant, the complainant was allowed to resort to equity, over the protests of defendant.   Counsel for the successful appellee in that case cited *City of Natchez* v. *Vandervelde,* 31 Miss., 708, as substantiating their claim, referring in turn to *Rogers* v. *Whitfield,* 26 Miss., 84, and *Blewetly* v. *Vaughn,* 5 How. (Miss.), 418.

It will be seen that this court has placed itself strongly upon the doctrine that equity has ample jurisdiction to prevent multiplicity of suits, whether the suits are on contract or based on tort, following the rule enunicated by Pomeroy in his work on Equity Jurisprudence, §§ 243, 274.   We can find no reason why the rule above laid down will not apply in favor of one charged to be a tort-feasor who, being sued by many plaintiffs in different actions at law, seeks the aid of chancery to prevent multiplicity of suits.

In the more recent cases of *Railroad Company* v. *Garrison,* 81 Miss., 264; s.c., 32 South., 996; *Crawford* v. *Railroad Company,* 83 Miss., 708; s.c., 36 South., 82; and *Tisdale* v. *Insurance Companies,* 84 Miss., 709; s.c., 36 South., 568, the

above doctrines are again enunciated.    See also *Pollock* v. *Okolona Sav. Bank,* 61 Miss., 293.

WHITFIELD, C. J., delivered the opinion of the court.

The only point which we deem it proper to notice, on this appeal presenting the demurrer to the bill for consideration, is as to whether the chancery court had jurisdiction.    It is clearly and thoroughly settled by the best-considered modern decisions in this state and elsewhere that such jurisdiction exists in all cases of this character.    See *Railroad Co. v. Garrison,* 81 Miss., 264; 32 South. 996, and *Crawford* v. *M., J. & K. C. R. R. Co.,* 83 Miss., 708; 36 South. 82; 102 Am. St. Rep., 476, and *Pollock* v. *Okolona Savings Bank,* 61 Miss., 293.    We do not think, at this stage of the cause, anything else is proper for decision on this demurrer.    The question of liability is one best to be determined on the development of the facts of the case.

The decree is affirmed, and cause remanded, with leave to answer within thirty days from the filing of the mandate in the court below.